## BUCCILLI *v.* PADGEN.

1. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—PRIOR CONTRACT VALID AS AGAINST SUBSEQUENT PURCHASERS.

 Where plaintiffs purchased from defendants a lot and building with knowledge that third parties had contract rights therein, but believed the misrepresentations of defendants that said rights had been forfeited, the prior contract is valid as against plaintiffs, but they are entitled to a personal decree against the defendants secured by a lien on the premises.[1]

2. SAME—LIENS—ORAL AGREEMENT ADDING TO COST OF BUILDING A MODIFICATION OF ORIGINAL CONTRACT.

 Where defendants agreed in writing to build a frame building on a certain lot and sell it at a certain price, but later by oral agreement a brick building was substituted and the purchase price increased accordingly, the oral agreement was not a separate contract, and the extra cost becomes a part of the purchase price to which plaintiffs' lien attaches.[2]

Appeal from Wayne; Warner (Glenn E.), J., presiding.   Submitted April 21, 1925.   (Docket No. 132.) Decided June 18, 1925.

Bill by Joseph Buccilli and another against Blaz Padgen and others for the specific performance of a land contract or return of the money paid thereon. From the decree rendered, plaintiffs appeal.   Modified and affirmed.

*Raymond E. Alloway,* for plaintiffs.

*Ralph S. Moore,* for defendant Amore.

*Charles E. George,* for intervening plaintiff Haven.

[1]Specific Performance, 36 Cyc. pp. 750, 751; Vendor and Purchaser, 39 Cyc. p. 1767; [2]Specific Performance, 36 Cyc. p. 751; Vendor and Purchaser, 39 Cyc. p. 1350.

FELLOWS, J.    On January 4, 1923, defendants Blaz
Padgen and Anna Padgen, his wife, entered into an
agreement with defendant Baldassare Amore to sell
him a piece of property in Detroit and to erect thereon
a two-story frame store and dwelling for the sum of
$9,300.    On May 28th, following, a supplemental agree-
ment in writing was entered into providing for a
brick veneer building, and increasing the consideration
$850.    Neither of these contracts was recorded.
Later another change was orally agreed upon making
the material solid brick.    It also fairly appears from
the record that other changes were made and some
extra work or extras were put on.    The record does
not clearly establish the amount these changes and
extras came to.    On August 29, 1923, defendants
Padgen entered into an agreement with plaintiff Joseph
Bucilli to sell him the same premises for $12,000, and
on the following day they executed to him a deed
with full covenants of warranty and he paid $4,000
in cash on that day and shortly after paid another
$1,000 in cash; the balance of the purchase price was
secured by two mortgages, one for $6,000 and one for
$1,000.

The testimony is convincing that plaintiff not only
had constructive notice but also actual knowledge of
Amore's contract, and we are likewise convinced that
plaintiff believed the misrepresentations of Padgen
that Amore had defaulted on his contract and that it
could and would be forfeited and terminated.    That
plaintiffs were defrauded and grievously so, is beyond
question.    The trial judge was bound under the facts
to sustain the validity of the Amore contract as against
the plaintiffs; this he did.    He gave plaintiffs a per-
sonal decree against defendants Padgen and made it
a lien on the premises; he also required defendant
Amore to make his payments into court.    There were
numerous liens filed and a suit was pending to fore-

close them at the time the case was heard in the court below and jurisdiction was retained of this case to make such further order as might be necessary after the decree was entered in the lien case.    The plaintiffs alone appeal.    We therefor consider only the question raised on their appeal.

We agree with the conclusion reached by the trial judge and with the decree entered with one exception which we will now state.    The trial judge reached the conclusion that the agreement to change the construction of the building being erected on the premises to brick and for the extras was an independent agreement to be enforced only by Padgen in an action at law against Amore or by filing a lien.    We are clearly of the view that it was but a modification of the original agreement.    Defendant Amore was not only buying the land but he was also buying a completed building and this is what he has received.    In the original agreement the building contracted for was a frame building, in the supplemental written agreement the building contracted for was of brick veneer and the purchase price was increased by $850; in the oral agreement the building contracted for was of brick and Amore was to pay the added cost.    We do not think it was an agreement independent of and separate from the original contract, but was a further modification of it and that the extra cost became a part of the purchase price to be paid for the lot and completed building.

Plaintiffs' lien will attach to the full purchase price as modified by the oral agreement and Amore will make his payments to them until the lien is satisfied therefrom unless it is sooner discharged by payment by defendants Padgen.

It is of no moment to defendant Amore whether he pays the purchase price as modified by the oral agreement to plaintiffs or to defendants Padgen so long as

he is protected, so no costs should be awarded against him by reason of this modification of the decree. As we have noted, the testimony is not sufficiently definite to permit a finding by us of the amount which should be paid for the extras so the case must be remanded for a determination of that question. Doubtless by this time the lien case has been disposed of and such further order may be made as the decree in that case renders necessary or advisable.

A decree will be here entered in accordance with this opinion. Plaintiffs will recover costs against defendants Padgen. No other costs will be allowed.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred. BIRD, J., did not sit.